IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WORLDLINK LOGISTICS, INC.,<br><br>　　　　Plaintiff,<br><br><br>vs.<br><br><br>BOSCOV'S DEPARTMENT STORE, LLC,<br><br>　　　　Defendant. | ORDER GRANTING MOTION TO DISMISS<br><br><br><br><br><br>Case No. 2:07cv00071 |

　　　　This case is one of two actions involving the same parties — the other case is pending before the state court of Pennsylvania. Both cases arise from the same dispute — a dispute over the parties' performance under a Customs Broker Agency Agreement. But Boscov's Department Store, LLC, commenced the Pennsylvania action on November 26, 2006, and Boscov's served Worldlink Logistics, Inc., with process in the Pennsylvania case on January 21, 2007. Only then did Wordlink file this suit — on February 8, 2007. Upon review of the parties' pleadings regarding the *Colorado River*[1] abstention doctrine, the court concludes it is appropriate to abstain from hearing this case. Therefore, the case before this court is dismissed.

---

[1] *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

## BACKGROUND

Boscov's is a department store operator with a principal place of business in Reading, Pennsylvania. Each of its fifty stores is located in Virginia, Delaware, Maryland, New Jersey, New York, or Pennsylvania. Less than seven one-thousandths of one percent of Boscov's business represents goods shipped to Utah. Worldlink is a corporation registered in the State of New Jersey.

In 2000, Boscov's and Worldlink entered into a Customs Broker Agency Agreement wherein Worlink agreed to protect bills of lading and airway bills for any of Boscov's goods, inventory, or property which Wordlink receives for processing. Basically, the work to be performed by Wordlink under the agreement related to the importation of goods to Boscov's facilities on the East coast. The Agreement, which identified Wordlink as a New Jersey corporation, was negotiated by representatives of Boscov's in Pennsylvania and representatives of Worldlink in New Jersey. Boscov's sent payments pursuant to the agreement to New Jersey.

On November 29, 2006, Boscov's commenced an action against Wordlink in the Court of Common Pleas, Berks County, Pennsylvania, based on Worldlink's alleged failure to perform under the Agreement. Boscov's perfected service on Wordlink on January 21, 2007. Despite this, Worldlink filed the action before this court on February 8, 2007, alleging Boscov's breached the Agreement.

## DISCUSSION

In its motion to dismiss or, alternatively, to transfer venue, Boscov's argues against this court's exercise of jurisdiction on multiple grounds. First, Boscov's argues this court has no general or specific personal jurisdiction over it because its connections to Utah are too minimal. Boscov's also argues venue is improperly laid in Utah, so the case should be transferred to the Eastern District of Pennsylvania. Finally, Boscov's asks this court to abstain from hearing the case pursuant to the *Colorado River* abstention doctrine. The court finds Boscov's abstention arguments persuasive and dismisses the case on these grounds.

The general rule is that federal courts must exercise the jurisdiction given to it by Congress.[2] Because abstention stands contrary to this rule, before a court can abstain, it must balance its duty to decide disputes over which it has jurisdiction against the need to encourage efficient judicial administration — the balance is weighted in favor of exercising jurisdiction.[3] The *Colorado River* doctrine allows for the dismissal or stay of cases in deference to concurrent state court proceedings, under certain conditions.[4] Application of the *Colorado River* doctrine involves two parts.[5] First, the court must determine if there is a parallel proceeding ongoing in state court that involves substantially the same claims and the same parties.[6] If this requirement

---

[2] *Id.* at 818.

[3] *Moses H. Kone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

[4] *Colo. River*, 424 U.S. at 817; *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994).

[5] *Fox*, 16 F.3d at 1081.

[6] *Id.*

is satisfied, the court then looks at multiple factors to determine the propriety of abstention.[7] These non-exclusive factors include: (1) the inconvenience of the federal forum, (2) the desirability of preventing piecemeal litigation, (3) the order of filing (with preference given to the first-filed case), (4) avoiding obstructionist tactics, (5) the applicable law, (6) the stage of the litigation, (7) whether a *res* over which the state court has subject matter jurisdiction is part of the suit, and (8) comity between state and federal courts.[8]  No one factor is determinative but, instead, courts must balance the factors as they apply in a given case.[9]

In this case, there is a parallel proceeding ongoing in Pennsylvania's courts.  The proceeding involves the same parties, Boscov's and Worldlink.  And Boscov's Pennsylvania suit against Worldink concerns the same disputes that form the basis of Wordlink's later-filed Utah suit.[10]  Therefore, both matters will involve proof of the same underlying facts.  Wordlink's only argument against application of the *Colorado River* abstention doctrine is that the "doctrine might have merited examination in this case if Boscov's had maintained its state court proceeding."[11]  In other words, Wordlink argues that Boscov's filed a proper writ of summons to initiate the case, but because it failed to make a good-faith effort to serve the summons within

---

[7] *Id.* at 1082.

[8] *Zions First Nat'l Bank v. Allen*, 688 F. Supp. 1495, 1500 (D. Utah 1988) (citing *Colo. River*, 424 U.S. at 818; *Moses*, 460 U.S. at 16; *State Farm Mutual Auto Ins. Co. v. Scholes*, 601 F.2d 1151 (10th Cir. 1979)).

[9] *See Moses*, 460 U.S. at 16.

[10] *See United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002).

[11] Mem. Opp'n Mot. Dismiss 15 (Docket No. 14).

thirty days of the date of filing, there is no pending action. Unfortunately, this argument — the only argument Wordlink posits against abstention — misreads Pennsylvania law.

Basically, the Pennsylvania Rules of Civil Procedure "allow for the commencement of an action by the filing of either a praecipe for writ of summons or a complaint."[12] The plaintiff must then serve process on the defendant in a timely fashion.[13] For defendants inside the Commonwealth of Pennsylvania, this means process must be served within thirty days.[14] For out-of-state defendants, this means the plaintiff must comply with Rule 404,[15] which provides that "[o]riginal process shall be served outside the Commonwealth within ninety days of the issuance of the writ or filing of the complaint."[16] On top of this, a good-faith effort to serve is required of the plaintiff.[17] In this case, Boscov's filed its writ on November 29, 2006. So it had until February 27, 2007, to serve out-of-state defendant Wordlink. Boscov's actually served Wordlink over a month before that, effecting service on January 19, 2007. Worldink has done nothing to show that Boscov's did not undertake a good-faith effort to serve it. Instead, Worldlink rests its argument on its misreading of Pennsylvania law, contending Boscov's only had thirty days in which to effect service. But clearly, the out-of-state service rule applies here,

---

[12] *Siler v. Khan*, 689 A.2d 972, 973 (Pa. 1997) (citing Pa.R.C.P. 1007).

[13] *Id.* (citing *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976)).

[14] Pa.R.C.P. 401(a).

[15] *Siler*, 689 A.2d at 973.

[16] Pa.R.C.P. 401(a).

[17] *Siler*, 689 A.2d at 973.

and Boscov's served Wordlink well within the required time frame. In other words, Wordlink's only argument against *Colorado River* abstention fails, as there is an ongoing, parallel proceeding in Pennsylvania.

Further, a balancing of the applicable factors weighs in favor of abstention. First, although the inconvenience of the District of Utah as a forum is a close call, Worldlink has not defeated Boscov's claims of inconvenience. Pulling from Worldlink's arguments about transfer of venue, Worldlink simply proffers that the convenience of witnesses does not weigh strongly in Boscov's favor and the convenience of the parties weighs in neither party's favor. Boscov's, on the other hand, points out that the only Utah witnesses would be Mr. and Mrs. Wilkinson (the owners of Wordlink). All of Boscov's material witnesses are located in Pennsylvania, and all of the documents relating to the claims are in Pennsylvania and New Jersey. Boscov's contends that any Wordlink files pertinent to this matter are likely located in its East Coast business locations — a contention Boscov's does not refute. In sum, although neither party offers compelling justification for its forum-of-choice, Boscov's has effectively showed Utah's federal court is a less convenient forum for the suit than Pennsylvania's state court.

With respect to the desirability of avoiding piecemeal litigation, Worldlink has not argued its inability to raise its issues effectively in the Pennsylvania court. This court has no reason to think Wordlink would be unable to assert the claims it raised in this suit — all of which are common law claims — as counterclaims in the Pennsylvania suit. This being the case, the Pennsylvania action would resolve and dispose of all the claims of the parties. It would be wasteful and duplicitous for Boscov's to resolve its claims against Wordlink in Pennyslvania

while Worldlink resolves its claims against Boscov's — claims regarding the same dispute and the use of the same facts — before this court.  Any result other than dismissal of this case would unduly interfere with efficient judicial administration.

As a general rule, courts give preference to the first-filed action, as between two similar suits.  In this case, Boscov's filed the Pennsylvania suit on November 26, 2006.  In contrast, Wordlink filed the case before this court on February 8, 2007 — nearly two and one-half months after Boscov's filed suit and nearly two weeks after it was served with process in that suit.  In other words, knowing full well that a suit regarding the same issues and involving the same parties had been filed against it, Wordlink still decided to file suit against Boscov's in this court.  The court cannot mechanically apply this first-filed preference.[18]  But considering the timing of Wordlink's filing and the fact that neither action has substantially progressed, this factor carries some significance.  It clearly weighs in Boscov's favor.

Ultimately, the balancing factors weigh in favor of this court abstaining in this case.  The court dismisses this case, rather than staying it, because Boscov's seeks dismissal and represents that the Pennsylvania action will resolve all disputes between the parties.  And Worldlink has not requested a stay instead of a dismissal — it has neglected to address the point altogether.  Because the court finds it must abstain under the *Colorado River* doctrine, the court does not (and need not) reach Boscov's arguments with respect to personal jurisdiction or venue.

---

[18] *Moses*, 460 U.S. at 21–22.

## CONCLUSION

The court concludes the *Colorado River* doctrine calls for its abstention in this case. The parties' disputes should be resolved in the first-filed Pennsylvania state action. Therefore, Boscov's Motion to Dismiss, or in the Alternative, Motion to Stay or Transfer [#6] is GRANTED with regard to the motion to dismiss and MOOT with regard to the motion to stay or transfer venue. The clerk's office is directed to close this case.

DATED this 30th day of May, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge